JAMES H. HOWELL *et al.*, plaintiffs in error, *vs.* JOHN POPE *et al.*, defendants in error.

1. Generally the writ of error should be dismissed on motion, if it appear from the bill of exceptions that evidence was adduced below, which is not set forth, either as part of the bill of exceptions or as part of the record proper. It is otherwise where some ruling is complained of which is wholly independant of the omitted evidence, and the reversal of which ruling would warrant a reversal of the main judgment.

2. If the motion to dismiss be at first denied in consequence of a misapprehension by this court as to the omission being substantially supplied by adequate recitals, and if after hearing full argument on the merits, it be manifest that the absent evidence ought to have been brought up, and that the judgment cannot, on legal principles, be reviewed without it, the writ of error will still be dismissed, as the only appropriate disposition of the case.

Bill of exceptions. Practice before the Supreme Court. July Term, 1875.

Reported in the opinion.

PEEPLES & HOWELL; W. T. & W. J. WINN; GARTRELL & DUNWOODY, for plaintiffs in error.

GEORGE N. LESTER, for defendants.

BLECKLEY, Judge.

Injunction was applied for and refused. On that refusal this writ of error was brought. When the case was called here, a motion was made to dismiss it on the ground that some of the evidence mentioned in the bill of exceptions as before the judge at the hearing, was not set out in the same, nor otherwise legally authenticated. This court then thought that, on account of the very full recitals contained in the answer, the judgment complained of might be reviewed, and overruled the motion. Full argument was heard on the merits, and that disclosed, as we now think, that some of the omitted evidence was material, or might be material, to a correct decision of the main question in controversy between the parties.

The injunction prayed for was to restrain the defendants from acts of alleged trespass on complainant's land, commenced and in progress for the purpose of opening a road to be used by the public in reaching a new ferry which the defendants intend to operate in competition with an ancient ferry of which compainant is part owner. The defendants justify their acts under an order of the inferior court, granted in August, 1867, establishing the way sought to be opened over complainant's land as a public road. This order is attacked by complainant as embracing illegal conditions, (such as providing a mode of compensation unknown to the law,) as not having been passed by a quorum of the inferior court, and as not having been entered within proper time on the minutes. One reply made by defendants to some of these objections is, that they were urged by the complainant and others when the order was granted; that they were overruled; that a petition for *certiorari* was thereupon presented to the judge of the superior

court, who refused his sanction; that a writ of error on this refusal was sued out to the supreme court; and that the same was dismissed and the judgment of refusal affirmed. These proceedings, to all of which it is said the complainant was a party, are relied on as an estoppel upon him now, against again drawing in question, as he seeks to do, the validity of the order. Moreover, it is said the entry on the minutes has been duly made, *nunc pro tunc,* by the ordinary. The complainant, to this last point, rejoins that the ordinary's decision has been carried up to the superior court by *certiorari,* and the *certiorari* is still undetermined. The bill of exceptions states that the records of all these proceedings were introduced before the judge, but they do not come to us properly authenticated, except the original order and the mere formal judgment of the supreme court dismissing the writ of error which was sued out on the refusal of the *certiorari.* We are not furnished with the exceptions on which the petition for *certiorari* was based, nor with the petition, nor the judge's order refusing it, nor the bill of exceptions complaining of that refusal; neither have we a copy of the ordinary's order, nor of the petition for, or the writ of *certiorari* based thereon, so as to see for ourselves the present *status* of that part of the case as it was presented to the judge below.

To pronounce upon the validity, force, and effect of judgments without the pleadings upon which they were rendered, would be unseemly in the court, and perhaps injurious to one or both of the parties. With all our reluctance to throwing out a case without deciding it on the merits, we think that better than to strike at the supposed merits in the dark. Much and perhaps all of the evidence which we deem to be indispensable may be here in an unauthenticated state, an attempt having been made to bring it up under the clerk's certificate alone, as a part of the record, but that mode has been often ruled unavailing: See 33 *Georgia,* 497.

Writ of error dismissed.